UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS F. RAMOS-ARRIZON, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>  vs.<br><br>JP MORGAN CHASE BANK, N.A.; CHASE HOME FINANCE LLC; WASHINGTON MUTUAL BANK, NA; and DOES 1 through 100, inclusive,<br><br>                          Defendants. | CASE NO. 12CV609 JLS (WMc)<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>(ECF No. 7) |

        Presently before the Court is Plaintiff Luis F. Ramos-Arrizon's ("Plaintiff"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), Motion to Remand and Request for Attorney's Fees. (Mot. to Remand, ECF No. 7) Also before the Court are Defendants' response in opposition, (Resp. in Opp'n, ECF No. 17), and Plaintiffs' reply in support, (Reply in Supp., ECF No. 19). The hearing set for the motion on June 14, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiffs' motion to remand.

## BACKGROUND

        Plaintiff first filed an action against Defendants in the Superior Court of California for the County of San Diego on November 30, 2010. (Notice Removal ¶ 2, ECF No. 1); (Mot. to Remand 3, ECF No. 7) At that time, this case was a single-plaintiff action asserting the following claims: (1) Violation of the California Rosenthal Fair Debt Collection Practices Act; (2) Violation of the

Federal Fair Debt Collection Practices Act ("FDCPA"); (3) Violation of California Business and Professions Code §§ 17200, *et seq.*; (4) Breach of contract; (5) Breach of the Covenant of Good Faith and Fair Dealing; (6) Wrongful foreclosure; and (7) Accounting. (*See* Pls.' Request for Judicial Notice ("RJN") Ex. 2, ECF No. 9-2 (original complaint)) Although the original complaint contained a federal cause of action—the FDCPA claim—Defendants did not remove the case to federal court at that time. (*See* Notice Removal ¶ 4, ECF No. 1)

Subsequently, on March 23, 2011, Plaintiff filed a first amended complaint ("FAC"). (Pls.' RJN Ex. 3, ECF No. 9-3 (FAC)) The FAC raised for the first time class action allegations. (*See id.*) It, like the original complaint, also contained a federal FDCPA claim. (*Id.* ¶¶ 36–38) Defendants still did not remove the case to federal court at this time.

In October 2011, the state court ruled on Defendants' motion for judgment on the pleadings as to the FAC, granting the motion in part and giving Plaintiffs an opportunity to amend. (Pls.' RJN Ex. 4, ECF No. 9-4) Plaintiffs thereafter filed a second amended complaint ("SAC") on November 17, 2011. (Notice of Removal Ex. A, ECF No. 1-1 (SAC)) The SAC also included a federal FDCPA claim. (*Id.* ¶¶ 49–52)

Also throughout this time period, the parties engaged in various discovery disputes. (*See* Mot. Remand 3–6, ECF No. 7); (Notice of Removal ¶¶ 7–9, ECF No. 1) Relevant here, one such dispute concerned Plaintiffs' request for Defendants to provide contact information for certain of its borrowers. Ultimately, the state court determined that Plaintiffs were entitled to the requested discovery:

> As a representative of the class, plaintiff is entitled to conduct discovery and know the names and addresses of potential class members. However, due to the sensitive financial issues involved, the court finds that notice to the potential class members and the right to opt out of release of private information has merit.

(Pls.' RJN Ex. 8, ECF No. 9-8)

In order to effectuate such notice, it needed to be determined to which pool of individuals to send the *Pioneer* notice.[1] The state court tentatively ruled on February 3, 2012, that the notice

---

[1] "*Pioneer* notice" is the procedure by which absent class members receive notification and the opportunity to opt out of having their private information disclosed to a named plaintiff in a class action suit. *Pioneer Elecs., Inc. v. Super. Ct.*, 150 P.3d 198 (Cal. 2007).

would be sent to approximately 830 potential class members. (Pl.'s RJN Ex. 11, ECF No. 9-11) And, after receiving supplemental briefing on the issue, the state court confirmed its tentative ruling on February 23, 2012. (Notice of Removal Ex. D, ECF No. 1-4)

Fifteen days after the state court's confirmation of its ruling as to the *Pioneer* notice procedure, Defendants removed the action to this Court, (Notice of Removal, ECF No. 1), and soon after filed a motion to dismiss, (Mot. to Dismiss, ECF No. 5). Plaintiffs subsequently filed the instant motion to remand on April 9, 2012. (Mot. to Remand, ECF No. 7)

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. § 1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## ANALYSIS

Plaintiffs argue that remand is appropriate because Defendants' notice of removal was untimely, and, even if it was timely, Defendants have not established this Court's subject matter jurisdiction. Because the Court agrees that removal was untimely, it need not address whether Defendants carried their burden to establish this Court's subject matter jurisdiction.

**1. Timeliness of Removal**

Plaintiffs argue that because the original state-court complaint included a cause of action under the FDCPA, Defendants waived their right to remove by failing to remove the action within thirty days of receipt of the original complaint, or within thirty days of receipt of the FAC. (Mot. to Remand 8–9, ECF No. 7) While conceding that they initially waived their right to remove, (Resp. in Opp'n 1, ECF No. 17), Defendants nevertheless contend that removal is timely by virtue of the "revival exception" to the thirty-day removal window, which Defendants argue was

triggered once the amended class action complaint was filed, (*id.* at 2). Then, argue Defendants, because they removed within thirty days of when they learned there was a basis for jurisdiction under the Class Action Fairness Act ("CAFA"), their removal is timely. (*Id.* at 2)

Pursuant to § 1446(b)(1), a defendant must remove an action within thirty days of receiving an initial pleading which sets forth a removable claim.[2] If a defendant fails to remove within thirty days, the defendant waives the right of removal. *See* 28 U.S.C. § 1446; *Cantrell v. Great Republic Inc. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989); *Babasa*, 498 F.3d at 974 (CAFA). Alternatively,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). However, "[i]f the case is removable at the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989) (internal quotation marks omitted).

A defendant's waiver of the right to removal may be subject to the "revival exception," however. Under this judge-made exception, the right to remove may be "revived" in cases "where the plaintiff files an amended complaint that so changes the nature of the action as to constitute substantially a new suit begun that day." *Id.* (internal quotation marks omitted); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731, at 568 (4th ed. 2009) ("[The revival exception] seems quite appropriate since a willingness on the part of the defendant to remain in state court to litigate a particular claim should not be interpreted as a willingness to remain in state court to adjudicate an entirely different claim."); *but see Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001) (questioning "the wisdom

---

[2] CAFA adopts the procedures for removal set forth in § 1446, aside from the one-year limitation under § 1446(c)(1), which is not applicable here. 28 U.S.C. § 1453 ("A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 884 (9th Cir. 2010) ("The timeliness of removals pursuant to CAFA is governed by 28 U.S.C. § 1466(b)."); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

of such a judicially-created exception" and noting that no Ninth Circuit cases have actually applied the exception).

Courts generally recognize two instances in which the revival exception might be triggered:

> (1) when a plaintiff attempts to mislead a defendant about the true nature of its claim by including a less consequential federal claim unlikely to be removed, and later, after the thirty-day window has expired, amends the complaint to include a substantive federal claim, and (2) when the effect of the change is to substantially constitute a new suit.

*Ray v. Trim Spa Inc.*, 2006 U.S. Dist. LEXIS 97182, *9–10 (C.D. Cal. 2006) (citing *Johnson v. Heublein Inc.*, 272 F.3d 236, 242 (5th Cir. 2000); *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965–66 (7th Cir. 1982)). "There is no litmus test for whether an amendment does so change the nature of a lawsuit. Rather, the court must undertake a case-by-case analysis, viewing the facts before it against the reasons for both the thirty-day rule of § 1446(b) and the revival exception." *MG Bldg. Materials, Ltd., Inc. v. Paychex, Inc.*, 2012 U.S. Dist. LEXIS 7027, at *20 (W.D.N.Y. Jan. 23, 2012) (citing *Wilson*, 668 F.2d at 965).

Here, Defendants assert that Plaintiffs' amendment of their state-court complaint to change it from a single-plaintiff action to a class action lawsuit constitutes a change so substantial that it "constitute[s] a new suit." (Resp. in Opp'n 5, ECF No. 17) Even assuming transforming this case from a single-plaintiff action to a class action lawsuit changes the action so fundamentally that it constitutes "substantially a new suit," *Samura*, 715 F. Supp. at 792,[3] Defendants' removal would have been untimely under the revival exception. On the one hand, Defendants argue that the amendment of the complaint to include class allegations was the event that substantially changed the character of the litigation, thereby triggering the revival exception. (Resp. in Opp'n 1, ECF No. 17) But on the other hand, they did not remove the action within thirty days of receiving the FAC, which contained a basis for removal on its face—namely, the FDCPA claim. Instead, Defendants assert that their basis for removal is the Court's jurisdiction under CAFA, which was

---

[3] At least one district court has found that transforming an action from a two-plaintiff case to a class action "effectively rendered [it] an essentially new lawsuit, and that it therefore afforded defendant a new opportunity to remove." *MG Bldg. Materials*, 2012 U.S. Dist. LEXIS 7027, at *16. But there, unlike here, CAFA jurisdiction was apparent on the face of the amended complaint and so the defendant removed within the thirty days prescribed by § 1446(b).

1  not apparent until the state court's February 23, 2012, order defining the class size. (*Id.*)

2  The Court disagrees with Defendants' reasoning. If indeed the case's removability was "revived" by the filing of the FAC, then the time to remove started ticking from that date, March 23, 2011. This is because the FAC—like the original complaint—contained a federal cause of action. Thus, even if CAFA jurisdiction was not apparent on the face of the FAC, federal question jurisdiction was still apparent by virtue of the FDCPA claim. Defendants did not remove within thirty days of March 23, 2011, and thereby waived their "revived" right to remove.

Defendants argue that they could not have removed within thirty days of the filing of the FAC because "by the time the FAC was filed in March 2011, [Defendants] had already waived the possibility of removal based on the FDCPA." (Resp. in Opp'n 6, ECF No. 17) According to Defendants, "an amended complaint can never revive the removal period where it merely duplicates a basis for removal that was already present in the prior complaint." (*Id.*) But the FAC did not revive the removal period because it included an FDCPA claim; the revival—if there was one—was due to the change in the nature of the litigation from a single-plaintiff lawsuit to a class action. And at that time, the case was removable because it contained a federal claim. In light of the strong presumption against removal, *Gaus*, 980 F.2d at 566, and the fact that the revival exception is used sparingly—if at all, *Dunn*, 166 F. Supp. 2d at 1279—the Court declines to apply the exception in the circumstances present here.

Although not raised by Defendants, a closer question is whether, in enacting CAFA, Congress intended for removal to be timely so long as the case was removed within thirty days of the date a defendant could first ascertain that the case is one which is removable *under CAFA*, rather than removable generally. *Cf. Durham v. Lockeed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).[4] Here, the Court agrees with Plaintiffs that this action was removable under § 1331

---

[4] *Durham*—discussing federal officer or agent removal under 28 U.S.C. § 1442—compared two possible interpretations of the term "removable" under § 1446(b): The first interpretation is that the term is "binary—either there's some basis for removal, or there's not." *Durham*, 445, F.3d at 1252. The second interpretation is one that "look[s] to each ground for removability separately." *Id.* Under the second interpretation, "a case does not become removable until the particular basis on which removal is sought becomes apparent from the record." *Id.*

In light of the "clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, [courts] are to interpret section 1442 broadly in favor of removal," *id.*, the Court in *Durham* "extend[ed] section 1442's liberal interpretation to section

long before Defendants elected to remove. But the Court also agrees with Defendants that the action was likely not removable *under CAFA* until the state court's February 23, 2012, order. Thus, if CAFA can be read to allow for timely removal within thirty days of the date the action is first removable under CAFA, rather than first removable generally, then Defendants' removal might be timely.

Upon consideration, however, the Court doubts that CAFA can be read in this way. Although the Court acknowledges that "[c]ertain aspects of CAFA . . . evidence Congress's intent that the district court's jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted," the statute nevertheless cannot be interpreted this broadly. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam). Indeed, that Congress included several specific broadening provisions but—as noted *supra* at note 2—elected simply to adopt § 1446(b)'s thirty-day removal requirement, "indicate[s] that Congress carefully inserted into the legislation the changes it intended and did not mean otherwise to alter the jurisdictional terrain." *Id.* This conclusion is further bolstered by the fact that the Ninth Circuit has affirmed the principal that removal statutes should be strictly construed even in the CAFA context. *See Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007) ("We have declined to construe CAFA more broadly than its plain language indicates." (citing *Abrego*, 443 F.3d 676));[5] *cf. Durham*, 445 F.3d at 1252–53 (noting that 28 U.S.C. § 1442, which concerns removal by federal officers and their agents, is to be construed broadly in favor of removal).

Turning then to § 1446(b), that section, by its terms, runs from the date "from which it may first be ascertained that the *case* is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added); *accord Abrego*, 443 F.3d at 691 ("Under CAFA, class actions . . . may be removed at any point during the pendency of the litigation in state court, so

---

1446," and adopted the second, non-binary, interpretation, *id.* at 1253.

[5] Courts in other circuits are generally in accord. *See, e.g.*, *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 n.5 (4th Cir. 2008); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir. 2006); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1097 n.7 (10th Cir. 2005); *but see Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (discussing the exceptions to CAFA jurisdiction); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (same).

1  long as removal is initiated within thirty days after the defendant is put on notice that a case which
2  was not removable based on the face of the complaint has become removable."). Accordingly, it is
3  the date that the case itself first becomes removable—not the date on which it first becomes
4  removable under CAFA—that governs. *Cf. Samura*, 715 F. Supp. at 972 ("[S]ubsequent events do
5  not make [a case] 'more removable' or 'again removable.'"). Thus, because Defendants'
6  removal—even if the revival exception applies—is untimely under §§ 1446(b) and 1453, remand
7  is appropriate.

**2. Request for Attorney's Fees and Costs**

In their motion, Plaintiffs also make a request for attorney's fees to compensate for the costs associated with bringing the instant motion to remand (as well as the costs associated with filing a reply in support of the motion and filing an opposition to Defendants' earlier-filed motion to dismiss[6]). (Mot. to Remand 14–15 & n.3, ECF No. 7) The request for fees and costs is made pursuant to 28 U.S.C. § 1447(c), which permits "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, although the Court has concluded that Defendants' removal was untimely, the Court cannot conclude that Defendants lacked an objectively reasonable basis to remove this action. Thus, the Court **DENIES** Plaintiffs' fee request.

//

//

//

---

[6] This fee request is restated in Plaintiffs' reply brief, where they clarify that their request extends to the costs Plaintiffs were "compelled to incur . . . in connection with opposing the motion to dismiss." (Reply in Supp. 7, ECF No. 19) Indeed, Plaintiffs's counsel has repeatedly informed the Court of her view that "this Court does not have the jurisdiction to decide" that motion, (*id.*; *see also generally* Ex Parte Mot., ECF No. 8), and that Plaintiffs' motion should take priority over all other matters in this case. But Plaintiff's counsel is not in charge of how the Court manages its own docket. The Court, in its discretion, found it more efficient to have both motions fully briefed prior to ruling on either of them, and declines Plaintiffs' invitation to charge Defendants for the Court's preference.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to remand, but **DENIES** the request for attorney's fees pursuant to § 1447(c).  The Court hereby **REMANDS** this action to the state court from which it was removed.

**IT IS SO ORDERED**.

DATED:  August 28, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge